IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ADAM NOSKOVIAK, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC § 216(b),<br><br>*Plaintiff*,<br>v.<br><br>NOBLE CASING, INC.<br><br>*Defendant*. | Civil Action No.  1:16-cv-283<br><br><br>COLLECTIVE AND CLASS ACTION COMPLAINT |

### I. PRELIMINARY STATEMENT OF FACTS

1. Plaintiff Adam Noskoviak ("Plaintiff") brings this collective and class action individually, on behalf of those similarly situated, and on behalf of the proposed Rule 23 Class Members to recover overtime compensation from their former employer Noble Casing, Inc.

2. Defendant has been involved in oilfield casing services in oilfields throughout the United States over the last three years. Defendant employs non-exempt casing operators and other non-exempt employees ("Casing Employees" or "CEs") to help perform casing services, but fail to provide them proper overtime as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

3. Casing Employees regularly work in excess of 40 hours per workweek. Defendant violated the FLSA by failing to pay an overtime premium for all overtime hours worked. Specifically, for some types of work, Defendant paid CEs based on the quantity of work performed. This quantity of work/piece rate basis of pay included, but may not be limited to, payments made on a per foot of pipe laid basis for "longstring" work and payments made on a per job basis for "surface jobs." The hours worked by CEs on tasks paid under Defendant's piece rate system were not counted in the total hours worked each workweek and no overtime

premium was paid for these hours ("Uncounted Hours Policy"). Because Defendant did not track and pay for the piece rate work hours, Defendant violated the FLSA by failing to pay Plaintiff's overtime compensation for all hours worked in excess of 40 per workweek.

4. Defendants also violated the FLSA by failing to include all required remuneration into CEs' regular rate to calculate overtime for the overtime hours reported by CEs. Defendants paid CEs non-discretionary bonuses, piece rate pay for longstring work, and per job pay for "surface jobs" (collectively, "Additional Pay"), but failed to include any of this Additional Pay into CE's regular rate to calculate and pay overtime ("Overtime Miscalculation Policy").

5. Plaintiff files this collective a Rule 23 Class action lawsuit pursuant to the FLSA; North Dakota Century Code 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin Code § 46-02-07-01 *et seq.*) (collectively, "ND Wage Law").

## II. PARTIES

6. Plaintiff Adam Noskoviak worked as a Casing Employee for Defendant during the relevant statutory periods, from approximately February 2014 through November 2014, and hereby consents to be a party in this lawsuit. His consent to participate in this lawsuit is attached to this Complaint.

7. Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA. The FLSA Class Members consist of Defendant's current and former workers who received pay based on the quantity of work performed who have worked for Defendant in the United States within three years of this filing ("FLSA Class Members"). This definition specifically excludes CEs who worked for Defendant in Colorado and those CEs who have consented to participate in *Cooper v. Noble Casing, Inc.*, 1:15-cv-1907 (D. Colo. Sept. 2, 2015).

8. Plaintiff also brings this action as a Rule 23 class action pursuant to North Dakota Wage Law. The Rule 23 Class Members consist of Defendant's current and former workers who received pay based on the quantity of work performed who have worked for Defendant in North Dakota within two years prior to the filing of this Complaint ("Rule 23 Class Members"). At all relevant times, Plaintiff and the Rule 23 Class Members were Defendant's "employees" within the meaning of North Dakota Wage Law.

9. Defendant Noble Casing, Inc. is a North Dakota corporation that operates in North Dakota out of its office located at 1708 47th Street Williston, ND 58801. Defendant may be served through its registered agent Tobi Wold at 13370 Cartwright Loop, Williston, ND 58801-8006 or wherever he may be found.

### III. JURISDICTION AND VENUE

10. This Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law and specifically the FLSA.

11. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy of over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen from a different state than Defendant. Alternatively, the Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367.

12. Venue is proper in the District Court of North Dakota because a substantial portion of the events forming the basis of this suit occurred in this District.

### IV. COVERAGE FACTS

13. At all material times, Defendant acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

14. At all times hereinafter mentioned, Defendant was an employer or joint employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and North Dakota Wage Law.

15. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

16. Defendant operates or has operated in interstate commerce, by among other things, dispatching labor and equipment to states including North Dakota, Wyoming, and Colorado.

## V. ADDITIONAL FACTUAL ALLEGATIONS

17. Plaintiff incorporates all of the allegations previously made in this Complaint. Plaintiff brings his collective action allegations individually and on behalf of those similarly situated.

18. Defendant has been involved in oilfield casing services in oilfields throughout the United States over the last three years and does more than $500,000 in business per year.

19. Plaintiff and the FLSA Class Members routinely worked in excess of 40 hours per workweek, but were not paid in compliance with the Fair Labor Standards Act. Defendant violated the FLSA by paying them pursuant to the (1) Overtime Miscalculation Policy that failed to incorporate all required remuneration, including but not limited to Additional Pay, into CEs regular rate of pay to calculate overtime; and (2) Uncounted Hours Policy that failed to pay CEs an overtime premium for all overtime hours worked.

20. Defendant employed CEs to perform casing services. Defendant paid CEs for specific kinds of work on a piece rate and per job basis. Specifically, Specifically, Defendants paid CEs on a piece rate for "longstring" work and on a per job basis for "surface work."

21. Casing Employees regularly work in excess of 40 hours per workweek. Defendants violated the FLSA by failing to pay an overtime premium for all overtime hours worked. Specifically, for some types of work, Defendants paid CEs based on the quantity of work performed. This quantity of work/piece rate basis of pay included, but may not be limited to, payments made on a per foot of pipe laid basis for "longstring" work and payments made on a per job for "surface jobs." The hours worked by CEs on tasks which were paid under Defendants' piece rate system were not counted in the total hours worked each workweek and no overtime premium was paid for these hours ("Uncounted Hours Policy"). Because Defendants did not track and pay for the hours worked doing per job or piece rate work, Defendants violated the FLSA by failing to pay Plaintiffs' overtime compensation for all hours worked in excess of 40 per workweek.

22. Defendant also violated the FLSA by failing to include all required remuneration, including but not limited to Additional Pay, into CEs' regular rate to calculate overtime for the overtime hours reported by CEs (Overtime Miscalculation Policy).

23. Plaintiff and the FLSA Class Members performed the same or similar job duties. Specifically, they all performed oilfield casing service work. Plaintiff and the FLSA Class Members were also subjected to the same illegal pay provisions: The Uncounted Hours and Overtime Miscalculation Policies that respective failed to pay CEs (1) overtime for all hours worked in excess of 40 per workweek, and (2) one-and-one-half times their regular rates of pay for all overtime hours worked. Accordingly, the FLSA Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Defendant knew of the FLSA's overtime requirements, but chose not to pay Plaintiff or the FLSA Class Members overtime in compliance with the law. Defendant

knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and the FLSA Class Members proper overtime compensation.

## VI. CLASS ACTION ALLEGATIONS

25. Plaintiff incorporates all allegations previously made in this Complaint.

26. Plaintiff brings his class action on behalf of the Rule 23 Class Members.

27. The Rule 23 Class Members are so numerous that their joinder is impracticable. While the precise number of the Rule 23 Class Members is unknown, it is believed that at least 100 Casing Employees worked at least one workweek of more than 40 hours within the relevant statutory period in or out of North Dakota within the past two years.

28. Common questions of law and fact for the Rule 23 Class Members predominate over any questions affecting any individual member, including:

   a. Whether Defendant violated applicable ND Wage Law by failing to pay the Rule 23 Class Members overtime compensation for all hours worked in excess of forty in an individual workweek;

   b. Whether Defendant violated applicable State Wage Law by failing to incorporate all required remuneration, including but not limited to Additional Pay, to calculate overtime for the Rule 23 Class Members;

   c. The proper measure of damages sustained by Rule 23 Class Members;

   d. Whether Defendant should be enjoined for such violations in the future.

29. Plaintiff's claims are typical of those of the Rule 23 Class Members. He and the Rule 23 Class Members (1) were responsible for performing oilfield casing services; (2) worked over 40 hours in at least one workweek in North Dakota over the last two years; (3) were not paid overtime for all overtime hours worked; and (4) were denied overtime at a rate of one-and-one half times their regular rates of pay for all of their overtime work.

30. Plaintiff will fairly and adequately protect the Rule 23 Class Members' interests and have retained counsel experienced in complex wage and hour class action litigation.

31. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Rule 23 Class Members, making final injunctive and/or declaratory relief appropriate to the Rule 23 Class Members as a whole.

32. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage and hour litigation—individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendant. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

### VII. COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARS ACT

33. During the relevant time period, Defendant violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## VIII. COUNT 2: VIOLATION OF NORTH DAKOTA WAGE LAW

34. Plaintiff and the Rule 23 Class Members are entitled to unpaid overtime in an amount equal to one-and-one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek pursuant to the formula outlined in N.D. Admin. Code § 46-03-01-01. During the relevant time period, Defendant violated and continue to violate ND Wage Law by employing employees and regularly and repeatedly failing to pay employees for all hours worked and pay overtime wages at a rate of at least one-and-a-half times their regular rates of pay. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Rule 23 Class Members have suffered and will continue to suffer from a loss of income and other damages. Plaintiff and the Rule 23 Class Members are entitled to their unpaid wages, prejudgment interest, and all costs in bringing this action that are recoverable under North Dakota Law.

## IX. RELIEF SOUGHT

35. WHEREFORE, Plaintiff, on behalf of himself and the FLSA Class Members, pray for relief against Defendant as follows in regards to their FLSA collective action claims:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

   b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

   d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

36. WHEREFORE, Plaintiff, individually and on behalf of the Rule 23 Class Members, pray for relief against Defendant as follows in regards to their class action complaint:

a. For an Order Certifying the State Wage Law claims as Class Actions pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as Class Representative under applicable ND Wage Law, and for designation of Plaintiff's counsel as class counsel;

b. For Judgment that Defendant violated relevant ND Wage Law by failing to pay Plaintiff and the Rule 23 Class Members overtime compensation;

c. For an Order awarding Plaintiff and the applicable Rule 23 Class Members all unpaid overtime compensations, prejudgment interest and all available penalty wages under applicable State Wage Law;

d. For all costs incurred prosecuting this claim, as allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Jack Siegel
**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
Siegel Law Group PLLC
10440 N. Central Expy., Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.4overtimelawyer.com

> J. DEREK BRAZIEL
> *Co-Attorney in Charge*
> Texas Bar No. 00793380
> JAY FORESTER
> Texas Bar No. 24087532
> Lee & Braziel, L.L.P.
> 1801 N. Lamar Street, Suite 325
> Dallas, Texas  75202
> (214) 749-1400 phone
> (214) 749-1010 fax
> www.overtimelawyer.com
>
> **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document will be served on Defendant with Plaintiff's Original Complaint and Summons.

> */s/ Jack Siegel*
> JACK SIEGEL